**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANK REIGHTLER,<br>　　　　Plaintiff<br><br>　v.<br><br>MONMOUTH BIOPRODUCTS, LLC<br>d/b/a MONMOUTH BIOPRODUCTS,<br>Inc. and SEAN M. DUDDY,<br>　　　　Defendants | No. 3:13cv3019<br><br>(Judge Munley) |

# MEMORANDUM

Before the court are defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) (Doc. 6) and transfer under 28 U.S.C. § 1404(a) (Doc. 14). The motions are fully briefed and ripe for disposition.

**Background**

This case arises from a dispute over an employment contract. On October 15, 2005, Defendants Sean Duddy and Monmouth Bioproducts, LLC (hereinafter "defendants") entered into an employment contract with Plaintiff Frank Reightler (hereinafter "plaintiff").[1] (Doc. 1-1, Compl. (hereinafter "Compl.") ¶ 6). Specifically, defendants hired plaintiff to act as their sales representative in Pennsylvania. (Compl., Ex. A, Emp't Contract at 1-2).

Plaintiff performed his sales responsibilities from October 15, 2005 until

---

[1] Plaintiff is a citizen of Pennsylvania. (Compl. ¶ 1). Defendant Monmouth Bioproducts, LLC is incorporated under the laws of New Jersey with its principal place of business in New Jersey. (Id. ¶ 2). Defendant Sean Duddy is a citizen of New Jersey. (Id. ¶ 3).

his resignation on October 7, 2013.  (Compl. ¶ 7; Doc. 9-1, Pl.'s resignation letter dated 10/7/13).  At the time of resignation, plaintiff alleges defendants owed him compensation in excess of $100,000.00.  (Compl. ¶ 9).

Based upon these facts, plaintiff filed a six-count complaint in the Court of Common Pleas of Carbon County on November 18, 2013.  Plaintiff's complaint asserts the following causes of action: Count One, breach of contract; Counts Two and Three, violations of Pennsylvania's Wage Payment and Collection Law (hereinafter "WPCL"); Count Four, unjust enrichment; Count Five, fraud–material misrepresentation; and Count Six, breach of fiduciary duty.

Defendants removed the case to this court on December 18, 2013. (Doc. 1).  Subsequent to removal, defendants filed a motion to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12 .  (Doc. 6). Alternatively, defendants seek to transfer the instant action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of New Jersey.  (Doc. 14).  The parties then briefed the issues bringing the case to its present posture.

**Standard of Review**

Defendants filed their motion to dismiss plaintiff's complaint pursuant to

Federal Rule of Civil Procedure 12(b)(3). Under 12(b)(3), a court must grant a motion to dismiss if venue is improper. FED. R. CIV. P. 12(b)(3). When a plaintiff "files a suit in an improper forum, district courts are required either to dismiss or transfer to a proper forum." Lafferty v. St. Riel, 495 F.3d 72, 77 (3d Cir. 2007) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-66 (1962)); 28 U.S.C. § 1406(a).

Motions to dismiss for "improper venue generally require the court to accept as true the allegations of the pleadings." Heft v. AAI Corp., 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002)). "The parties may submit affidavits in support of their positions, and may stipulate as to certain facts, but the plaintiff is entitled to rely on the allegations of the complaint absent evidentiary challenge." Heft, 335 F. Supp. 2d at 762 (citing Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992); Myers v. Am. Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982). "Whatever the nature of the parties' submissions, the court is bound to view the facts in the light most favorable to the plaintiff." Id. (citing Carteret, 954 F.2d at 142 n.1; Myers, 695 F.2d at 724).

Defendants also bring a motion to change venue under 28 U.S.C. § 1404(a), which provides, "[f]or the convenience of parties and witnesses, in

3

the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). "The burden of establishing the need for transfer . . . rests with the movant." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Courts consider a variety of factors in determining the proper forum, and "[w]hile there is no definitive formula or list of the factors to consider . . . courts have considered many variants of the private and public interests protected by the language of § 1404(a)." Id. Still, "[w]hether to transfer a case is generally committed to the discretion of the district courts." In re United States, 273 F.3d 380, 387 (3d Cir. 1995).

**Discussion**

Defendants contend that plaintiff's complaint should be dismissed, or in the alternative, be transferred to the United States District Court for the District of New Jersey.[2] Plaintiff argues that venue is proper in the Middle District of Pennsylvania. Moreover, plaintiff claims that the relevant factors weigh against transferring the instant action to the District of New Jersey.

---

[2] Defendant Sean Duddy also seeks to be dismissed from the instant action under Federal Rule of Civil Procedure 12(b)(2) contending that the court lacks personal jurisdiction over him. Because the court will find that transfer is appropriate under 28 U.S.C. § 1404(a), the court will not discuss this issue.

After careful consideration, the court agrees with the defendants to the extent that this matter will be transferred to the District of New Jersey.

### A. Motion to dismiss - improper venue

Initially, defendants move to dismiss on the basis that the Middle District of Pennsylvania is an improper venue. Specifically, defendants claim that the general venue provision, 28 U.S.C. § 1391, determines venue. Because this case was removed from state court, however, the removal statute, 28 U.S.C. § 1441(a), controls the venue issue here. See Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665-66 (1953) (finding that section 1391 applies only to actions initially brought in federal court, not to actions that are filed in state court and subsequently removed to federal court); 28 U.S.C. § 1390(c) (clarifying that the general venue provisions stated in section 1391 "shall not determine the district court to which a civil action pending in a state court may be removed").

Under section 1441(a), a defendant may remove a state court civil action over which the federal courts have subject matter jurisdiction "to the district court of the United States for the district and division embracing the place where such action is pending." As previously stated, plaintiff filed this action in the Carbon County Court of Common Pleas and defendants

removed it to the Middle District of Pennsylvania. Accordingly, venue is proper in this district and the motion to dismiss will thus be denied. Polizzi, 345 U.S. at 665-66; Heft, 355 F. Supp. 2d at 773.

### B. Motion to transfer venue[3]

Having determined that venue is proper in the Middle District of Pennsylvania, defendants next seek to transfer the instant action to the District of New Jersey under 28 U.S.C. § 1404(a) (hereinafter "section 1404(a)"). The Third Circuit Court of Appeals articulated several factors for a district court to consider in determining whether to transfer a case, including both "private" and "public" interest factors. The relevant "private interest" factors include: (1) each party's forum preference; (2) where the claims arose; (3) the convenience of the parties as indicated by their relative physical and financial consideration; (4) the convenience of the witnesses–but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (5) the location of the books and records. Graphics Prop. Holdings,

---

[3] Section 1404(a) controls venue issues when "both the original and the requested venue are proper." Jumara, 55 F.3d at 878; 15 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 3842 at 6 (3d ed. 2007)). Here, the court has determined that venue is proper in the Middle District of Pennsylvania. Moreover, the parties agree that the instant action could have been brought in the District of New Jersey. Thus, both the original and requested venue are proper.

Inc. v. Asus Computer Int'l, Inc., 964 F. Supp. 2d 320, 325 (D. Del. 2013) (citing Jumara, 55 F.3d at 879).

The "public interest" factors are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) administrative difficulties in the two fora due to court congestion; (4) the local interest in deciding local controversies; (5) public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law. Graphics Prop. Holdings, Inc., 964 F. Supp. 2d at 325 (citing Jumara, 55 F.3d at 879-80).

Defendants, which have the burden of proof as to why transfer is necessary, point to several factors supporting such action. Under the private factors, defendant's contend that plaintiff's forum preference should be accorded little weight because all of the relevant facts pertaining to this matter arose in New Jersey. Additionally, defendants' business records are located at its corporate office in Freehold, New Jersey. Finally, the convenience of the parties weighs in favor of transferring the instant action to New Jersey because it is closer in proximity to the defendants' New Jersey office and not substantially more inconvenient for plaintiff, who resides in Jim Thorpe, to travel to the federal district courthouse in Trenton, New Jersey.

In support of the public interest factors, defendants contend that local courts have inherent interests in presiding over local controversies.  In the instant case, plaintiff has asserted five claims: (1) breach of contract; (2) violation of Pennsylvania's Wage Payment and Collection Law; (3) unjust enrichment; (4) fraud–material misrepresentation and (5) breach of fiduciary duty.  (Compl. ¶¶ 11-37).  New Jersey state law will apply to four out of five claims.  As such, defendants argue that a federal district court residing in New Jersey should preside over this local controversy.

Plaintiff responds that his asserted forum preference is to litigate this case in Pennsylvania.  Additionally, plaintiff avers that this breach of contract claim arose in Pennsylvania because he did much of his work at his home office in Pennsylvania.  Moreover, plaintiff will be inconvenienced if compelled to drive to a federal district court in New Jersey.  Finally, plaintiff states that a Pennsylvania district court is better suited to address his WPCL claims.

In first considering the private interest factors, the court finds that they favor transfer.  Plaintiff's forum preference "as manifested in the original choice" demonstrates his desire to pursue this action in the Middle District of Pennsylvania.  <u>Jumara</u>, 55 F.3d at 879.  Plaintiff understandably wishes to pursue this cause of action in his forum, as he resides in Pennsylvania.

8

The court, however, assigns little weight to plaintiff's forum preference because the alleged employment contract was entered into and allegedly breached in New Jersey. See Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 295 (3d Cir. 1994) (finding that in breach of contract claims regarding nonpayment for services rendered, the breach occurs where the party failed to take action, not where the result or injury is felt); McNulty v. J.H. Miles & Co., Inc., 913 F. Supp. 2d 112, 119 (D.N.J. 2012) (finding that plaintiff's choice to litigate in their home forum was not dispositive and afforded little weight when a substantial part of the events and omissions giving rise to plaintiff's claims occurred outside plaintiff's home forum); see also Hillard v. Guidant Corp., 76 F. Supp. 2d 566 (M.D. Pa.1999) (stating that where none of the operative facts of the action occurred in the plaintiff's chosen forum, plaintiff's choice is afforded less weight.)

While plaintiff performed the contract in Pennsylvania, performance is tangentially related to the underlying cause of action–breach of contract. Stated differently, the nonpayment of plaintiff's compensation, which occurred in New Jersey, led plaintiff to file the instant action. Therefore, the court affords plaintiff's forum preference little weight because the operative facts giving rise to plaintiff's causes of action arose in New Jersey.

Further, the court's transfer of this matter to the district court in Trenton permits plaintiff to litigate in the New Jersey forum closest to his residence.[4] Finally, the fifth factor, the location of the books and records, favors transfer because the relevant payment records are located in New Jersey.

Next, the court further believes that the public interest factors likewise support a transfer.  The most relevant public factor is that local courts have inherent interests in presiding over local controversies.  Here, plaintiff's claims all stem from his alleged employment contract, which was entered into and allegedly breached in New Jersey.  Plaintiff fails to contend, nor can he, that Pennsylvania law applies to the interpretation of this contract.  Additionally, three out of the remaining four claims are derivative of this breach of contract claim and will require the application of New Jersey state law.

Plaintiff counters that a federal court sitting in Pennsylvania is better positioned to construe Pennsylvania's WPCL.  While Pennsylvania federal courts have addressed a greater volume of WPCL cases, New Jersey district

---

[4] Plaintiff argues that defendants' decision to remove the instant action to federal court has already inconvenienced him and, therefore, he should not be required to travel an extra fifty (50) miles to the federal district courthouse in New Jersey.  Plaintiff's contention lacks merit because federal law entitled defendants to remove this action to federal court.  See 28 U.S.C. § 1332(a)(1); 28 U.S.C. § 1446.  Moreover, plaintiff failed to raise any objection to defendants' timely removal, which further mitigates his inconvenience argument.

courts have addressed WPCL claims.  See McGough v. Broadwing Commc'n, Inc., 177 F. Supp. 2d 289 (D.N.J. 2001) (applying and analyzing Pennsylvania law regarding a WPCL claim).  Finally, any judgment in plaintiff's favor would need to be enforced against defendants in the location where they reside and a New Jersey court would be better able to monitor compliance with any such judgment.  Accordingly, the court finds that weighing the public and private interest factors supports transferring this case to the United States District Court for the District of New Jersey and the motion to transfer will therefore be granted.

**Conclusion**

For the reasons set forth above, the court will transfer this action to the United States District Court for the District of New Jersey.  An appropriate order follows.

**Date:   6/3/14**                                    **s/ James M. Munley**
                                                     **JUDGE JAMES M. MUNLEY**
                                                     **United States District Court**